UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
INDIRA BOWEN, Individually, and
INDIRA BOWEN, on behalf of her minor children,
RAYLYN FAIRCLOUGH and MIA BOWEN,
                                  Plaintiffs,

-      against -

The County of Westchester, Town Of Greenburgh,
Police Officers John Does 1-10, in their individual
and official capacities.

                                  Defendants.
------------------------------------------------------------------ x

**07 CIV. 6277**

**VERIFIED COMPLAINT**

JURY TRIAL DEMANDED

The Plaintiffs, INDIRA BOWEN, individually and on behalf of her minor children, RAYLYN FAIRCLOUGH and MIA BOWEN, by and through their attorneys, Lenihan & Associates, LLP, complaining of the defendants, respectfully alleges the following:

### A. NATURE OF THE ACTION

1. This civil rights action arises from the unlawful imprisonment, brutal and improper use of force, and negligence for the actions taken by the defendants against the plaintiff Indira Bowen ("Plaintiff" or "Ms. Bowen") and INDIRA BOWEN, on behalf of her minor children, RAYLYN FAIRCLOUGH and MIA BOWEN, (Collectively "the plaintiffs") by the defendant police officers on October 7, 2004. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201, and under 42 U.S.C. §§ 1981, 1983 and 1985, et. seq., and compensatory and punitive damages for violation of their civil rights.

### B. PRELIMINARY STATEMENT

2. The Plaintiffs bring this action seeking compensatory and punitive damages pursuant to Title 42 United States Code §1983. The Plaintiffs seek to redress the deprivation by defendants of their rights, under color of state law, which rights were secured to plaintiffs by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Defendants, the County of Westchester ("Westchester") and its agents and employees, along with the Town of

Greenburgh and its Police Department (collectively, "Greenburgh") and various probation and police officers and supervisors employed by these agencies, while acting in their official capacity of Greenburgh and Westchester, deprived the plaintiffs of their liberty without due process of law, made an unreasonable search and seizure of the plaintiffs and their residence, by using excessive force to enter said premises. These actions were without cause and without due process of law, thereby depriving them of their rights, privileges and immunities as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. Plaintiffs assert that such deprivation was predicated solely upon plaintiffs' race. Plaintiffs also assert pendent state law claims of race-based discrimination, false imprisonment, negligence, negligent hiring, training and retention of incompetent police officers, assault and battery, and intentional infliction of emotional distress against defendants. The defendants are co-conspirators and jointly and severally for their actions arising out of the same transaction and occurrence.

## C. JURISDICTION

3. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. 1983. Jurisdiction of this Court is based upon federal questions and is invoked pursuant to Title 28 United States Code Sections 1331, 1343(3) and (4). This Court has supplemental jurisdiction of state law claims pursuant to 28 United States Code section 1367. Notices of Claim were filed on November 3, 2004 directed to the Defendants Westchester and Greenburgh. Said Notices were not resolved.

## D. VENUE

4. Venue in this, the Southern District of New York, is proper under Title 28 United States Code Section 1391(b). Upon information and belief, the plaintiffs and all defendants are employed or reside in this District, and the events giving rise to the claim asserted occurred within this District.

## E. PARTIES

5. At all times relevant to this action, the plaintiff, Indira Bowen, was a citizen of the United States and a resident of the Town of Greenburgh, State of New York. The plaintiff's residence address is 9 Beech Street, Greenburgh, New York, and formerly, 5 Maple Avenue, Apt. 8J, Greenburgh, New York. INDIRA BOWEN, also sues on behalf of her minor children, RAYLYN FAIRCLOUGH, age 5, and MIA BOWEN, age 13, residing with INDIRA BOWEN,

who were present and suffered similar injuries due to this incident. The plaintiffs are African American.

6. At all times relevant to this action, Defendants, John Does 1-10, were employed by the Town of Greenburgh Police Department. At all times material to this Complaint, these defendants acted toward the plaintiffs under color of statutes, ordinances, customs and usage of the United States, the State of New York, the County of Westchester, and the Town of Greenburgh Police Department.

7. Defendant Town of Greenburgh is a municipal corporation, at 111 Hillside Drive, Greenburgh, New York, within county of Westchester and State of New York. Pursuant to its Charter, the town of Greenburgh has established and maintains the Town of Greenburgh Police Department as a constituent department or agency.

8. John Does 1-10 are all individual police officers, supervisors and Chiefs of the Town of Greenburgh Police Department who had a role in the incident of October 7, 2004 involving the plaintiffs. Plaintiffs sue all defendants in their individual and official capacities.

9. The County of Westchester, 148 Martine Avenue, White Plains, New York, and its employees and agents assisted, engaged, encouraged, cooperated and authorized the activities of Greenburgh and John Does 1-10 in connection with this matter.

## F. FACTS UNDERLYING CLAIMS FOR RELIEF

10. In the early morning hours October 7, 2004, at or around 6:00 a.m. at Maple Avenue, in the Town of Greenburgh, the plaintiffs were sleeping in their apartment at 5 Maple Avenue, (the "building") Apartment 8J, ("The apartment") when the defendants, acting individually and in concert, and under the auspices of Greenburgh and Westchester, conducted a raid of the residence of the plaintiffs. Said raid was conducted at gunpoint and occurred on the eighth floor of the building for the alleged purpose of detaining Raylyn Fairclough. This raid occurred after the defendants had entered the wrong apartment with guns drawn. Each of the Defendants burst through the front door into plaintiffs' home with SWAT gear and automatic weapons and faces covered without warning, knocking or explanation.

11. Despite prior written and oral notice from Roylin Fairclough informing the relevant authorities that he resided elsewhere, at 123 Tarryhill Way, White Plains, New York, the defendants failed to utilize a safe, reasonable and less hostile method to search for and detain

Roylin Fairclough. The authorities were aware at the time of this incident that he did not reside at the premises of Indira Bowen, the apartment.

12. The plaintiffs were sleeping at the time of the raid. The plaintiffs were awakened by the crashing noise, heard strange voices yelling, helicopters and smoke. With no idea of who the intruders were, Plaintiffs dressed only in pajamas, crying and in fear, complied with all instructions of said officers. Upon hearing the commotion from the front of the building, the plaintiffs awoke and went to the front window. The plaintiffs were confronted by an unidentified persons and numerous law enforcement officers who screamed at them, pointed automatic weapons and thereafter unlawfully entered the Bowens' premises. Upon entering the premises, defendants burst into the apartment of the plaintiffs, Defendants used unreasonable and excessive force and pressure. Defendants continued to threaten to exert unreasonable and unnecessary force on the plaintiffs thereby causing injuries.

13. During this incident, the plaintiffs were placed in great fear. Thereafter, the unidentified intruders, commenced touching of the plaintiffs. At this time, one of the defendants advised Plaintiff Indira Bowen that she was to comply with their directions. The defendants took Plaintiff Indira Bowen to another apartment where they threw a flashband grenade which was intended for the plaintiff, to threaten and intimidate her.

14. The plaintiffs were frisked for weapons under constant threat of automatic weapons. The defendants ordered Plaintiff Indira Bowen out of the apartment and took her daughter, Mia downstairs, in only a bathrobe, after forcing her to lie down. All Plaintiffs were frisked for weapons by white male defendants. Mia Bowen was questioned without her mother's presence or permission, in violation of state laws.

15. After securing all of the Plaintiffs separate areas, the defendants ransacked the Plaintiffs' residence with a complete and total disregard for any property owned by the Plaintiffs. After over an hour of searching, no search warrant was ever produced by the defendants. There was never a valid warrant for siad premises and any such contention was false, erroneous and based on useless and unfounded information. At the time of said raid, the Defendants were acting under color of authority of a search warrant known to contain false information.

16. The Defendants claimed to be acting under the authority and searching for Roylin Fairclough who did not live at the address, and actually lived elsewhere, a fact known to the

Defendants. Defendants were aware of his address because another SWAT search team was present at his apartment.

17. Roylin Fairclough did not and could not have lived at Indira Bowen's apartment. This fact was known to the Plaintiff, Indira Bowen, was known to defendants in advance of and during the time of the raid of Mrs. Bowen's apartment.

18. Defendants' search of the premises, involving approximately two hours of complete and total devastation. During this time, the plaintiffs sat helplessly without recourse, which constituted improper detention by the defendants all acting within the scope of their authority under color of law, allegedly in search of guns, drugs and cocaine and for Roylin Fairclough. The Plaintiff was threatened with arrest even though she had committed no violation of law.

19. After more than two hours passed, defendants and each of them ceased their search of the premises because they had searched the wrong apartment. The plaintiffs herein and each of them were terrorized, frightened, humiliated, and embarrassed by the foregoing events and were otherwise damaged by the defendants' actions.

20. Despite the complete and total surprise of the attack on the plaintiffs premises and despite the ransacking search conducted by defendants, no guns or drugs were found anywhere in the premises, and none of the plaintiffs were ever charged with any violation of the Penal Code.

## COUNT I
## VIOLATIONS OF PLAINTIFFS' RIGHT TO BE FREE FROM UNREASONABLE FORCE UNDER FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

21. The Plaintiffs repeat and reallege Paragraphs 1-21 of the Complaint, with the force and effect as if set forth herein.

22. By means of the actions described above, the individual defendants and each of them, deprived The Plaintiffs of rights secured by the United States Constitution, including, but not limited to, be free from excessive and unreasonable force.

23. The use of force on The Plaintiffs was unnecessary and excessive, not reasonably justified by the circumstances and employed for no proper purpose. Moreover, the defendants in engaging in such actions violated public duties owed to the plaintiffs.

24. As a consequence thereof, The Plaintiffs have been injured in damages to their persons and property.

## COUNT II
## VIOLATIONS OF PLAINTIFFS' RIGHT TO BE FREE FROM UNREASONABLE FORCE UNDER ART. I, §12 OF THE NEW YORK STATE CONSTITUTION

25. The Plaintiffs repeats and realleges Paragraphs 1-25 with the same force and effect as if set forth herein.

26. By the actions heretofore described and set forth herein, the individual defendants, and each of them, deprived Indira Bowen of rights secured by the Constitution of the State of New York, including but not limited to the right to be free from excessive and unreasonable force and was not justified by the circumstances.

27. As a direct consequence thereof, The Plaintiffs have been injured.

## COUNT III
## ASSAULT

28. The Plaintiffs repeats and realleges Paragraphs 1- 28 with the same force and effect as if set forth herein

29. By the actions heretofore described and set forth herein, the individual defendants, stuck automatic weapons in the face of the plaintiffs held themat machine gun point, and placed an automatic weapon intentionally and in a harmful and offensive manner, thereby placing the Plaintifs in fear for life and safety, thereby committing assault upon the The Plaintiffs.

30. As a direct consequence thereof, The Plaintiffs have been injured.

## COUNT IV
## NEGLIGENCE

31. The Plaintiffs repeat and realleges Paragraphs 1-30 with the same force and effect as if set forth herein.

32. By the actions heretofore described and set forth herein, the individual defendants and each of them, were negligent in failing to use such care in the performance of their police duties as a reasonably prudent and careful police officer would have used in similar circumstances. Said

violations include, without limitation, improper and negligent use of excessive force with assault on Plaintiff Indira Bowen; threatening The Plaintiffs lawfully in their own home with pistols, rifles, shotguns and other weapons; destroying the The Plaintiffs' property, and other acts which a police officer of ordinary prudence would not have done in similar circumstances, without any contributory negligence on the part of The Plaintiffs.

33. Further, by the actions heretofore described and set forth herein, Greenburgh and Westchester, and the individual officers and supervisors, and each of them, were negligent in training and instruction of its police officers by not exercising care and instructing them as to their deportment, behavior and conduct as policemen and representatives of the Town of Greenburgh in securing and executing search warrants as well as the proper methods in verifying information to the Complaint.

34. As a direct result of defendant acts and in consequence thereof, The Plaintiffs have been injured and have suffered damages.

## COUNT V
## NEGLIGENT HIRING TRAINING & RETENTION

35. The Plaintiffs repeat and reallege Paragraphs 1-34 with the same force and effect as if set forth herein.

36. By the actions heretofore described and set forth herein, Town of Greenburgh, and its officers and supervisors, each of them, were negligent in hiring and retaining persons who were unfit to serve as policemen and who they knew or should have known had dangerous propensities and a lack of proper temperament, in that the Town of Greenburgh, its servants, agents and employees failed to use such care and exercise reasonable precautions in employing and promoting individual defendants,. Said supervisory defendants, by failing to properly investigate his background, experience and training which would have revealed, *inter alia*, the information that Roylin Fairclough did not reside at the premises of Indira Bowen, and that such information, if any, was false, fraudulent. Said defendants failed to properly investigate said information and in negligently verifying said information to the Court without a reasonable basis for doing so; and in permitting this defendant and other police officers involved in this incident to act in such a manner as they did herein, violating the rules, regulations, procedures, policies and the patrol guide in the performance of their police duties and andling of The Plaintiffs.

37. As a direct result of defendant acts and in consequence thereof, The plaintiffs have been injured.

## COUNT VI
## UNLAWFUL IMPRISONMENT

38. The Plaintiffs repeats and realleges Paragraphs 1- 37 with the same force and effect as if set forth herein.

39. By the actions heretofore described and set forth herein, the individual defendants, intending to confine the Plaintiff Indira Bowen, and her children, Mia and Raylyn Fairclough by ordering the Plaintiff out of their home, and unlawfully restraining freedom. The defendants did so confine the plaintiffs, and the Plaintiffs were conscious of said confinement and did not consent to the confinement. Said unlawful imprisonment and confinement was not otherwise privileged and was without just probable cause or grounds therefore, so that the defendants thereby falsely imprisoned the Plaintiffs.

40. As a direct result of defendant acts and in consequence thereof, The Plaintiffs have been injured.

## COUNT VII
## CIVIL RIGHTS VIOLATIONS 42 USC §§ 1983 & 1985

41. The Plaintiffs repeats and realleges Paragraphs 1- 54 with the same force and effect as if set forth herein.

42. By the actions heretofore described and set forth herein, the individual defendants, while acting under color of law, subjected the The Plaintiffs to the deprivation of rights, privileges and immunities secured by the Constitution and laws o the United States, and specifically, the Equal Protection and Due Process guarantees and the right to be free from unreasonable searches and seizures, and pursuant to the Fourteenth Amendment of the Constitution and Civil rights as guaranteed under Article I, Section II of the state and federal constitution.

43. Plaintiffs has been deprived of her civil and constitutional rights to be free from discrimination based upon race/color and been damaged and suffered emotional distress and conscious pain and suffering as a result of these actions.

44. The actions of the various defendants, in depriving the The Plaintiffs of her constitutional and civil rights were a willful and malicious act.

45. In addition, to the The Plaintiffs, the defendants have similarly violated the rights of others, all as a part of a deliberate policy, practices and a deliberate course of conduct.

46. The actions of the defendants occurred from a conspiracy with and amongst the various defendants, to deprive the The Plaintiffs, as well as others, of their rights under the United States Constitution and federal and State law. The various defendants conspired to violate the The Plaintiffs civil rights pursuant to 42 U.S.C. §1985 when they agreed together to implement, direct and/or participate in a program or incident to deny the The Plaintiffs her civil rights based upon her race and color. The actions of these defendants furthered said conspiracy and by reason of said conspiracy, each of the Defendants has violated 42 U.S.C. § 1985.

47. As a result of the foregoing, the Plaintiffs has been harmed and segregated on account of her race and color.

48. As a direct result of defendant acts and in consequence thereof, The Plaintiffs has been injured in damages to person and property including for emotional distress.

## COUNT VIII
## CLAIM FOR INJUNCTIVE RELIEF

49. The Plaintiffs repeats and realleges Paragraphs 1- 49 with the same force and effect as if set forth herein.

50. The defendants have embarked on a course of conduct that deprives the Plaintiffs and others of their rights under the United States Constitution, federal and state laws, all in violation of 42 U.S.C §§1983, 1985, and other constitutional and new york state laws. The facts and circumstances to be proven at trial of this matter and s suffered by the The Plaintiffs are an example of the defendants conduct which violates the The Plaintiffs' civil rights. The actions of the defendants, pursuant to color of state law, Defendants' acts and omissions deprive the The Plaintiffs of her federal constitutional protections and have caused and will cause the The Plaintiffs to suffer damages in violation of her civil rights. By virtue of the aforementioned facts, the The Plaintiffs is entitled to a permanent injunction against the said defendants to protect from future such behaviors.

**WHEREFORE**, judgment against all defendants is respectfully demanded:

    a.    a Jury trial on all matters herein, and awarding the The Plaintiffs Indira Bowen, Raylyn Fairclough and Mia Bowen, damages as follows:

        1)    such compensatory damages as and for The Plaintiffs claims in COUNT 1 of the complaint as the jury may determine, but not less than the amount of FIVE HUNDRED THOUSAND DOLLARS;

        2)    such compensatory damages as and for The Plaintiffs claims in COUNT 2 of the complaint as the jury may determine, but not less than the amount of FIVE HUNDRED THOUSAND DOLLARS;

        3)    such compensatory damages for the claims in COUNT 3 of the complaint as the jury may determine, but not less than the amount of FIVE HUNDRED THOUSAND DOLLARS;

        4)    such compensatory damages for the claims in COUNT 4 of the complaint as the jury may determine, but not less than the amount of FIVE HUNDRED THOUSAND DOLLARS;

        5)    such compensatory damages for the claims in COUNT 5 of the complaint as the jury may determine, but not less than the amount of FIVE HUNDRED THOUSAND DOLLARS;

        6)    such compensatory damages for the claims in COUNT 6 of the complaint as the jury may determine, but not less than the amount of FIVE HUNDRED THOUSAND DOLLARS;

        7)    such compensatory damages for the claims in COUNT 7 of the complaint as the jury may determine, but not less than the amount of FIVE HUNDRED THOUSAND DOLLARS;

        8)    such compensatory damages for the claims in COUNT 8 of the complaint as the jury may determine, but not less than the amount of FIVE HUNDRED THOUSAND DOLLARS;

        13)    such other compensatory damages as the jury may impose.

        14)    such punitive damages as the jury may impose.

    b.  awarding reasonable attorney's fees and costs;

    c. and an injunction precluding all such behaviors and actions by the defendants in the future; and

    d. such other relief as to this Court seems just, proper and equitable.

Dated: White Plains, NY
December 28, 2005

James Michael Lenihan JL-9282
Lenihan & Associates, LLC
Attorneys for The Plaintiffs
235 Main Street
White Plains, New York 10601
(914) 949-8855

Index No.: Year 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDRA BOWEN, INDIVIDUALLY AND ON BEHALF OF RAYLYN PARKER, OTIS AND MIA BOWEN
Plaintiff,

-against-

THE TOWN OF GREENBURGH,
THE COUNTY OF WESTCHESTER,
JOHN DOES 1-10,

Defendants.

SUMMONS AND COMPLAINT

JAMES MICHAEL LENIHAN
Attorney for Plaintiff
235 Main Street
White Plains, NY 10601
(914) 949-8855

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: White Plains, New York    Signature ____________

Print Signer's Name James Michael Lenihan, Esq.

Service of a copy of the within is hereby admitted.

Dated:

Attorney(s) for

PLEASE TAKE NOTICE

[ ] NOTICE OF ENTRY that the within is a (certified) true copy of a entered in the office of the clerk of the within named court on

[ ] NOTICE OF SETTLEMENT that an Order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court, at on at

Dated:

Attorney for Plaintiff
235 Main Street
White Plains, New York 10601

To: Respondent(s)
Attorney(s) for