

## CALLAHAN&FUSCO LLC
Attorneys at Law

BETH A. CALLAHAN ♦
CHRISTOPHER G. FUSCO ✱

CATHERINE MCGLONE ♦
CHARLES J. REITER ●
OF COUNSEL

WILLIAM A. SICHERI ✱
CHAD L. KLASNA ✱■
MATTHEW D. STOCKWELL ✱
SELENA M. CASINELLI ✱
MITCHELL R. AYES ✱
BRIAN R. MASTERSON ✱

72 EAGLE ROCK AVENUE, SUITE 320
EAST HANOVER, NJ 07936

TELEPHONE: (973) 618-9770
FACSIMILE: (973) 618-9772
WWW.CALLAHANFUSCO.COM

40 EXCHANGE PLACE
18TH FLOOR
NEW YORK, NY 10005
TELEPHONE: (212) 448-9570
FACSIMILE: (212) 448-9772

PLEASE REPLY TO NEW JERSEY

♦ N.J.
● N.Y.
✱ N.J. & N.Y.
■ ILL.

**MEMO ENDORSED**

February 7, 2008

**VIA REGULAR MAIL**

Hon. Kenneth M. Karas, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, New York  10601-4150

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

> **Re:** **Indira Bowen v. Town of Greenburgh, et al.**
> **Index No.:**    **07 CV 6277**
> **Our File No.:** **ICH-263**
> **Date Of Loss: October 7, 2004**

Dear Honorable Sir:

We represent Defendant Town of Greenburgh in the above-referenced matter.  Pursuant to Your Honor's Individual Rules of Practice, please accept this correspondence as defendant's request to schedule a pre-motion conference for permission to bring a motion for judgment on the pleadings pursuant to F.R.C.P. 12 (c).

Plaintiffs Indira Bowen, individually and on behalf of her minor children, Raylyn Fairclough and Mia Bowen, have instituted this action against defendants the County of Westchester and the Town of Greenburgh based on the execution of a search warrant that occurred at plaintiffs' residence on October 7, 2004.  Plaintiffs have alleged that the search was unauthorized and are claiming damages due to Defendants' alleged negligence and for personal property allegedly damaged during the search.

Plaintiffs' Complaint alleges eight (8) separate causes of action against the defendants: In sum, Count 1 alleges a violation of Fourth and Fourteenth Amendments under the United States Constitution; Count 2 alleges a violation of Article I § 12 of the New York State Constitution; Count 3 alleges common law assault; Count 4 alleges common law negligence; Count 5 alleges

Hon. Kenneth M. Karas
February 7, 2008
Page 2 of 3

common law negligent hiring, training, and retention; Count 6 alleges common law unlawful imprisonment; Count 7 alleges civil rights violations of 42 USC §§ 1983 and 1985; and Count 8 makes a claim for injunctive relief.

Based on the facts as plead by plaintiffs in their Complaint, defendants are entitled to the dismissal of Counts 2, 4, 7 and 8 regarding all plaintiffs, Counts 3, 4, 5, and 6 regarding plaintiff Indira Bowen individually, and the dismissal of plaintiffs' claim for punitive damages pursuant to F.R.C.P. 12(c). Dismissal under Rule 12(c) "is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

Count 1 of plaintiffs' complaint alleges that the defendants violated plaintiffs' Fourth Amendment right under the United States Constitution to be free from excessive and unreasonable force. Count 2 alleges an identical violation under the New York State Constitution. Therefore, Count 2 of plaintiffs' complaint should be dismissed because it is duplicative of Count 1, because, as a matter of law, a plaintiff has no private right of action under the New York State Constitution where, as here, remedies are available under § 1983. See Flores v. City of Mount Vernon, 41 F. Supp. 2d 439, 446-47 (S.D.N.Y. 1999).

Similarly, Count 7 of plaintiffs' complaint appears duplicative of Count 1 as § 1983 does not establish a separate cause of action. Section 1983 provides an instrument by which an individual deprived of a federal right by a person acting under color of state law may be compensated. Eagleston v. Guido, 41 F.3d 865, 875 (2d Cir. 1994). Section 1983 does not create any separate or new substantive rights; it merely provides a federal cause of action for violations of certain federal rights. See Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617-18 (1979).

Counts 3 through 6 of plaintiffs' complaint allege common law claims for assault, negligence, negligent hiring, training and retention, and unlawful imprisonment on behalf of all three plaintiffs. All four of these common law claims are time-barred in regards to plaintiff Indira Bowen individually. Under General Municipal Law § 50-i, a tort action against a municipality "shall be commenced within one year and ninety days after the happening of the event upon which the claim is based." Gen.Mun.L. § 50-i(c). In the present matter, defendant Town of Greenburgh, is a public corporation. The underlying incident took place on October 7, 2004, therefore, the applicable statute of limitations for plaintiff Indira Bowen's common law tort claims expired on or about December 30, 2005. The complaint, however, was not filed until July 9, 2007, three (3) years after the underlying event and eighteen (18) months after the relevant statute of limitations period had run.

Count 4 of plaintiff's complaint alleges "negligent use of excessive force" by defendants. However, plaintiffs' also allege that defendants committed the intentional torts of assault and false imprisonment, along with allegations of the use of excessive force. As a matter of law, when a plaintiff asserts excessive force and assault claims which are premised upon a defendant's allegedly intentional conduct, a negligence claim with respect to the same conduct cannot be maintained. See Mazurkiewcz v. New York City Transit Auth., 810 F. Supp. 563, 570-71

Hon. Kenneth M. Karas
February 7, 2008
Page 3 of 3

(S.D.N.Y. 1993) (holding that "plaintiff cannot argue that defendants engaged in intentional conduct that forms the basis of an assault and § 1983 excessive force claim and also argue that defendants were negligent towards plaintiff"). As the plaintiffs in this matter have alleged a deprivation of their constitutional rights based on defendants' alleged <u>intentional</u> conduct; Count 4 of plaintiffs' complaint for <u>negligent</u> conduct should be dismissed in its entirety.

Count 8 of plaintiffs' Complaint asks for a permanent injunction against the defendants to protect them from harmful conduct in the future. In order to succeed on a claim for a permanent injunction such as plaintiffs seek in Count 8, the plaintiff must establish the basic requisites of equitable relief – (1) the likelihood of substantial and immediate irreparable injury, and (2) the inadequacy of remedies at law. *See* O'Shea v. Littleton, 414 U.S. 488 (1974). Accordingly, plaintiffs have not made a valid claim for injunctive relief and Count 8 of their complaint should be dismissed.

Finally, in their claim for relief, plaintiffs' seek "such punitive damages as the jury may impose" against the defendants. As plaintiffs have brought suit against the Town of Greenburgh, a public corporation, they are not entitled to seek punitive damages. As such, all claims by plaintiffs for punitive damages should be dismissed.

For the reasons outlined above, defendant Town of Greenburgh requests permission to bring a motion for judgment on the pleadings pursuant to F.R.C.P. 12(c). Defendants respectfully submit that the motion can serve to greatly streamline this matter by eliminating plaintiffs unsubstantiated claims without the parties engaging in extensive discovery on those matters.

Thank you for your consideration of this matter.

Respectfully submitted,

CHAD L. KLASNA

cc:    James Michael Lenihan, Esq.
       Matthew Ian Gallagher, Esq.

The Court will hold a pre-motion conference on March 11, 2008, at 11:00 Plaintiffs are to respond to this letter by February 25, 2008.

SO ORDERED

KENNETH M. KARAS U.S.D.J.
2/19/08