UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
INDIRA BOWEN, RAYLYN FAIRCLOUGH, by her mother
and natural guardian Indira Bowen, and MIA BOWEN, by
her mother and natural guardian Indira Bowen,

           Plaintiff's First Amended
           Complaint

Plaintiffs,

         -against-

           **07 Civ. 6277 (KMK)(LMS)**

COUNTY OF WESTCHESTER, TOWN OF GREENBURGH,
JOHN DOE 1-10, being Police Officers employed by the
County of Westchester and the Town of Greenburgh,

           **JURY TRIAL DEMANDED**

         Defendants.


         INDIRA BOWEN, RAYLYN FAIRCLOUGH and MIA BOWEN, by their

attorneys, the LENIHAN & ASSOCIATES, LLP. allege the following, upon

information and belief, as their First Amended Complaint:


<u>Nature of the Action</u>

        1.    This civil rights action arises from the October 7, 2004 unlawful

home invasion, assault, and arrest of the Bowen Family.  Plaintiffs seek

declaratory relief pursuant to 28 U.S.C. §2201, and, under 42 U.S.C. §1983,

compensatory and punitive damages for violation of their civil rights.

<u>Jurisdiction and Venue</u>

2.      This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).  Plaintiffs request that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiffs' federal claims.

3.      Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because the events giving rise to the First Amended Complaint occurred in that District.

<u>Parties</u>

4.      Plaintiff Indira Bowen is a citizen of the United States who, at the time of the incidents complained of herein, resided at 5 Maple Avenue, Apt. 8J, Greenburgh, in the State New York, County of Westchester.  She is the mother of and natural guardian of her two daughters Raylyn Fairclough and Mia Bowen.

5.      Raylyn Fairclough is a citizen of the United States of America who, at the time of the incidents complained of herein, resided at 5 Maple Avenue, Apt. 8J, Greenburgh, in the State New York, County of Westchester. At the time of the incident, she was 5 years of age.

6.      Mia Bowen is a citizen of the United States of America who, at the time of the incidents complained of herein, resided at 5 Maple Avenue,

Apt. 8J, Greenburgh, in the State New York, County of Westchester.  At the time of the incident, she was 13 years of age.

7.     Defendant Town of Greenburgh is a Municipal Corporation within New York State. Defendant Town of Greenburgh has established and maintains a Department of Police as a constituent department or agency.  At all times relevant, the Defendant Town of Greenburgh employed the Police personnel involved in the incident underlying this lawsuit.

8.     Defendant Westchester County is a subdivision within New York State.  Defendant Westchester County has established and maintains a Department of Police and Department of Probation as a constituent department or agency.  At all times relevant, the Defendant Westchester County employed the Police and Probation personnel involved in the incident underlying this lawsuit.

9.     Defendants "John Doe" 1-5 were at all times relevant duly appointed and acting employees of Defendant Westchester County.

10.     Defendants "John Doe" 6-10 were at all times relevant duly appointed and acting employees of Defendant Town of Greenburgh.

11.     At all times relevant, defendants "John Doe" 1-10 (collectively the "individual defendants") were acting under color of state law.

12.     The individual defendants involved in the incident underlying this lawsuit were, at all times relevant, agents, servants and employees acting within the scope of their employment by defendant

Notices of Claim

13.     Within 90 days of the events giving rise to the their claims, the plaintiffs filed Notices of Claim upon defendant Town of Greenburgh and defendant County of Westchester by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

14.     The Notices of Claim were in writing, sworn to by the plaintiffs, and contained the name and post office address of each of the plaintiffs.

15.     The Notices of Claim set out the nature of the claim, the time when, the place where and manner by which the claim arose, and the damages and injuries claimed to have been sustained.

16.     Defendant town of Greenburgh and county of Westchester have neglected and failed to adjust the claims within the statutory time period.

17.     This action was timely commenced as to Plaintiffs Raylyn Fairclough and Mia Bowen.

Facts Underlying
Plaintiffs' Claims for Relief

18.     In the early morning hours October 7, 2004, at or around 6:00 a.m., Indira Bowen and her two daughters were sleeping in their home at 5 Maple Avenue (the "building"), Apartment 8J, ("the apartment"), in the Town of Greenburgh.  The individual defendants, acting individually and in concert, and under the auspices of defendants Greenburgh and Westchester,

conducted an unlawful and unreasonable raid of the apartment.  The defendants conducted the gunpoint raid for the purported purpose of arresting Roylin Fairclough, who did not live in the apartment and searching for guns, drugs and cocaine, none of which were present in the apartment.  This raid occurred after the defendants had entered the wrong apartment with guns drawn.  Each of the Defendants burst through the front door into Plaintiffs' home with SWAT gear and automatic weapons and faces covered without warning, knocking or explanation.

19.     At the time of the raid, the Defendants were acting under color of authority of a search or arrest warrant known to contain false information.

20.     Defendants Town of Greenburgh, County of Westchester and one or more of the individual defendants knew or should have known that Roylin Fairclough would not be found at the Plaintiffs' home.

21.     Roylin Fairclough had previously informed the relevant authorities, including the Town of Greenburgh, that he resided elsewhere, at 123 Tarryhill Way, White Plains, New York.

22.     Roylin Fairclough did not and could not have lived at Indira Bowen's apartment.  This fact was known to Indira Bowen and was known to one or more of the individual defendants in advance of and during the time of the raid.

23.     The plaintiffs were asleep and were awakened by a crashing noise and then heard strange voices yelling and helicopters.  The plaintiffs

were confronted by unidentified persons and numerous law enforcement officers who screamed at them, pointed automatic weapons and unlawfully entered their home.

24.     With no idea of whom the intruders were or why they were there, Plaintiffs, dressed only in pajamas and crying and in fear, complied with all instructions.  Defendants used unreasonable and excessive force and pressure and continued to threaten to exert unreasonable and unnecessary force on the Plaintiffs thereby causing injuries.

25.     During this incident, the plaintiffs were placed in great fear. Thereafter, the unidentified intruders commenced touching of the plaintiffs. At this time, one of the individual defendants advised Plaintiff Indira Bowen that she was to comply with their directions. One of the individual defendants took Plaintiff Indira Bowen to another apartment where a flash-band grenade was ignited with the intent to threaten and intimidate Indira Bowen.

26.     The plaintiffs were frisked for weapons under constant threat of automatic weapons.  The defendants ordered Plaintiff Indira Bowen out of the apartment and took her daughter, Mia, downstairs in only a bathrobe after forcing her to lie down.  All Plaintiffs were frisked for weapons by white male defendants.  Mia Bowen was questioned without her mother's presence or permission, in violation of state laws.

27.     The individual defendants then unreasonably searched the

-6-

apartment, ransacking the Plaintiffs' home with a complete and total disregard for any property owned by the Plaintiffs.

28.    The Plaintiffs sat helplessly and without recourse during the approximate two hours of complete and total devastation.  Indira Bowen was threatened with arrest even though she had committed no violation of law.

29.    The Plaintiffs herein and each of them were terrorized, frightened, humiliated, and embarrassed by the foregoing events and were otherwise damaged by the defendants' actions.

30.    Despite the complete and total surprise of the attack on the Plaintiffs' home and despite the ransacking search conducted by defendants, no guns or drugs were found anywhere in the premises, and none of the Plaintiffs were ever charged with any violation of the Penal Code.


FIRST CLAIM FOR RELIEF AGAINST
DEFENDANTS WESTCHESTER AND GREENBURGH FOR
VIOLATING ALL PLAINTIFFS' RIGHTS UNDER THE
FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

31.    Plaintiffs repeat each allegation of paragraphs 1-30 as if set forth in full herein.

32.    The conduct to which the Plaintiffs were subjected resulted from and was caused by defendant Town of Greenburgh and defendant

Westchester County failure properly to train and supervise its personnel, including the Police and Probation personnel involved herein.

33.     Defendant Westchester County has a pattern and practice of deliberately presenting false information regarding the residence of suspects sought by way of arrest and/or search warrants in order to obtain said warrants.

34.     Defendant Westchester County and defendant Town of Greenburgh policymakers knew to a moral certainty that their employees confront situations requiring them to, among other things, properly determine the residence of suspects sought by way of arrest and/or search warrants.

35.     Defendant Westchester County and defendant Town Of Greenburgh policymakers knew to a moral certainty that police officers would be presented with choices of the sort that training or supervision would make less difficult or that there is a history of employees mishandling such situations, and the employees' wrong choice frequently caused the deprivation of constitutional rights.

36.     This failure constitutes deliberate indifference to Plaintiffs' rights and created the atmosphere allowing the individual Defendants to believe that they could ignore the plain fact that, among other things, the information leading to any warrant for the Plaintiffs' residence was incredible and/or insubstantial or otherwise legally insufficient, or that the

apartment they entered was not the one where the wanted person would

be found or that there was never lawful basis to seize the Plaintiffs.

37.    As a consequence thereof, all Plaintiffs have been injured.

SECOND CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFFS' RAYLYN FAIRCLOUGH AND MIA
BOWEN'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND
SEIZURES UNDER THE FOURTH AND FOURTEENTH
AMENDMENTS TO THE UNITED STATES CONSTITUTION

38.    Plaintiffs repeat the allegations of paragraphs 1-30 as

though fully stated herein.

39.    By the actions described above, the individual defendants,

or some of them, deprived Plaintiffs Raylyn Fairclough and Mia Bowen of

rights secured by the Constitution and laws of the United States, including,

but not limited to, their right to be free and secure in their persons and

their right to be free from arrest or search, except on probable cause or

pursuant to a warrant.

40.    As a consequence thereof, Raylyn Fairclough and Mia

Bowen have been injured.


THIRD CLAIM FOR RELIEF FOR VIOLATING
PLAINTIFFS' RAYLYN FAIRCLOUGH'S AND MIA
BOWEN'S RIGHT TO BE FREE FROM UNREASONABLE
SEARCHES AND SEIZURES UNDER ARTICLE ONE,
SECTION TWELVE OF THE NEW YORK STATE CONSTITUTION

41.    Plaintiffs repeat the allegations of paragraphs 1-30 as

though fully stated herein.

42.    By the actions described above, the individual defendants, or some of them, deprived Plaintiffs Raylyn Fairclough and Mia Bowen of their rights secured by the Constitution of the State of New York, including, but not limited to, their right to be free and secure in their person and home and their right to be free from arrest or search except on probable cause or pursuant to a warrant.

43.    As a consequence thereof, Plaintiffs Raylyn Fairclough and Mia Bowen have been injured.


FOURTH CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

44.    Plaintiffs repeat the allegations of paragraphs 1-30 as though fully stated herein.

45.    By reason of the foregoing, Plaintiffs Raylyn Fairclough and Mia Bowen were intentionally confined without privilege or probable cause to believe a crime had been committed. Plaintiffs Raylyn Fairclough and Mia Bowen were aware of and did not consent to the confinement. Plaintiffs Raylyn Fairclough and Mia Bowen were thereby falsely arrested and imprisoned.

46.    As a consequence thereof, Plaintiffs Raylyn Fairclough and Mia Bowen have been injured.

FIFTH CLAIM FOR RELIEF FOR VIOLATING PLAINTIFFS'
RAYLYN FAIRCLOUGH'S AND MIA BOWEN'S RIGHT TO BE FREE
FROM UNREASONABLE FORCE UNDER THE FOURTH AND
<u>FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION</u>

47.    Plaintiff repeats the allegations of paragraphs 1-30 as though fully stated herein.

48.    By the actions described above, the individual defendants, or some of them, deprived Plaintiffs Raylyn Fairclough and Mia Bowen of their rights secured by the Constitution and laws of the United States in violation of 42. U.S.C. §1983, including, but not limited to, their right to be free from excessive and unreasonable force.

49.    As a consequence thereof, Plaintiffs Raylyn Fairclough and Mia Bowen have been injured.


<u>SIXTH CLAIM FOR RELIEF FOR ASSAULT</u>

50.    Plaintiffs repeat the allegations of paragraphs 1-30 as though fully stated herein.

51.    By the actions described above, Plaintiffs Raylyn Fairclough and Mia Bowen were intentionally placed in apprehension of imminent harmful and offensive contact.

52.    As a consequence thereof, Plaintiffs Raylyn Fairclough and Mia Bowen have been injured.

## SEVENTH CLAIM FOR RELIEF FOR BATTERY

53.     Plaintiffs repeat the allegations of paragraphs 1-30 as though fully stated herein.

54.     By the actions described above, Plaintiffs Raylyn Fairclough and Mia Bowen were intentionally touched in a harmful and offensive manner.

55.     As a consequence thereof, Plaintiffs Raylyn Fairclough and Mia Bowen have been injured.

## EIGHTH CLAIM FOR RELIEF FOR NEGLIGENCE

56.     Plaintiffs repeat the allegations of paragraphs 1-30 as though fully stated herein.

57.     The acts complained of herein resulted from defendant Westchester County frequently obtaining a search warrant for the Plaintiffs' home, through its agents, servants and employees, breaching its duty properly to assign, train, supervise or discipline its law enforcement personnel, including assigning, training, supervising or disciplining individual Police personnel who unlawfully search, arrest, detain, use force, or cause property damage.

58.     The defendant County of Westchester's failure properly to assign, train, supervise or discipline its personnel, including the Police and Probation personnel involved herein, constitutes acquiescence in and

-12-

tolerance of ongoing unconstitutional searches, arrests and uses of force, and allowed the defendants to believe that they could with impunity use force, search, arrest, and detain the Plaintiffs and damage their property.

59.     By reason of the foregoing, the defendant Westchester County through its agents, servants, and employees, failed and refused to use such care in the performance of its duties as a reasonably prudent law enforcement provider would have used under similar circumstances.

60.     As a consequence thereof, Plaintiffs Raylyn Fairclough and Mia Bowen have been injured.


<u>Request for Relief</u>

WHEREFORE, Plaintiffs respectfully request that judgment be entered as follows:

(A)     Declaratory relief as follows:

1.     A declaration that Plaintiffs' right to be free unreasonable searches and seizures under the United States Constitution was violated;

2.     A declaration that Plaintiffs Mia Bowen's and Raylyn Fairclough's right to be free from unreasonable force under the United States Constitution was violated;

(B)     Compensatory damages in an amount to be fixed at trial;

(C)     By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual defendants in an amount to be fixed at trial;

-13-

(D)     An award to Plaintiffs of the costs and disbursements herein;

(E)     An award of attorney's fees under 42 U.S.C. §1988;

(F)     Such other and further relief as this Court may deem just and proper.


Dated:April 10, 2008
White Plains, New York


                              James Lenihan
                              Attorney for Plaintiffs
                              235 Main Street
                              White Plains, New York
                              (914)949-8855


-14-