UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| INDIRA BOWEN, Individually, and INDIRA BOWEN, on behalf of her minor children, RAYLYN FAIRCLOUGH and MIA BOWEN, | : : : : : | Civil Action No.: 07 CIV 6277 |
| Plaintiffs, | : : : | |
| v. | : : | **ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| THE COUNTY OF WESTCHESTER, TOWN OF GREENBURGH, POLICE OFFICERS JOHN DOES 1-10, in their individual and official capacities, | : : : : : | |
| Defendants. | : : : | |

Defendant, TOWN OF GREENBURGH, by and through its attorneys, Callahan &

Fusco, LLC, as and for its Answer to plaintiffs' First Amended Complaint, responds upon

information and belief as follows:

## NATURE OF THE ACTION

1.      Defendant denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph "1" of the First Amended Complaint and

refers all questions and interpretations of law to the court.

## JURISDICTION AND VENUE

2.      Defendant denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph "2" of the First Amended Complaint and

refers all questions and interpretations of law to the court.

3.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the First Amended Complaint and refers all questions and interpretations of law to the court.

## PARTIES

4.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the First Amended Complaint.

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the First Amended Complaint.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the First Amended Complaint.

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the First Amended Complaint.

8.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the First Amended Complaint.

9.      Defendant admits the allegations contained in paragraph "9" to the extent that the Town of Greenburgh is a municipal corporation within the State of New York and that the Town of Greenburgh has established and maintained a police department. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "9" of the First Amended Complaint.

10.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the First Amended Complaint.

11.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the First Amended Complaint.

12.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the First Amended Complaint.

## NOTICES OF CLAIM

13.     Defendant admits the allegations contained in paragraph "13" to the extent that a Notice of Claim against the Town of Greenburgh was received within 90 days of the event that forms the basis of plaintiffs' First Amended Complaint.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "13" of the First Amended Complaint.

14.     Defendant admits the allegations contained in paragraph "14" to the extent that the Notice of Claim received by the Town of Greenburgh was in writing and contained the name and post office addresses of the named plaintiffs.  Defendant denies the remaining allegations contained in paragraph "14" of the First Amended Complaint.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the First Amended Complaint.

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the First Amended Complaint and refers all questions and interpretations of law to the court.

17.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the First Amended Complaint and refers all questions and interpretations of law to the court.

## FACTS

18.     Defendant denies the allegations contained in paragraph "18" of the First Amended Complaint and refers all questions and interpretations of law to the court.

19.    Defendant denies the allegations contained in paragraph "19" of the First Amended Complaint and refers all questions and interpretations of law to the court.

20.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the First Amended Complaint.

21.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the First Amended Complaint.

22.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the First Amended Complaint.

23.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the First Amended Complaint and refers all questions and interpretations of law to the court.

24.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the First Amended Complaint and refers all questions and interpretations of law to the court.

25.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the First Amended Complaint.

26.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the First Amended Complaint and refers all questions and interpretations of law to the court.

27.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the First Amended Complaint and refers all questions and interpretations of law to the court.

28.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the First Amended Complaint and refers all questions and interpretations of law to the court.

29.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the First Amended Complaint.

30.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the First Amended Complaint and refers all questions and interpretations of law to the court.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

31.     Defendant repeats, reiterates, and realleges each and every answer contained in Paragraphs 1-30 of this Answer with the same force and effect as if set forth more fully at length herein.

32.     Defendant denies the allegations contained in paragraph "32" of the First Amended Complaint to the extent they are directed toward the defendant Town of Greenburgh,, denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they refer to defendant County of Westchester, and refers all questions and interpretations of law to the court.

33.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the First Amended Complaint.

34.     Defendant denies the allegations contained in paragraph "34" of the First Amended Complaint to the extent they are directed toward the defendant Town of Greenburgh, denies knowledge or information sufficient to form a belief as to the truth of

the allegations to the extent they refer to defendant County of Westchester, and refers all questions and interpretations of law to the court.

35.     Defendant denies the allegations contained in paragraph "35" of the First Amended Complaint to the extent they are directed toward the defendant Town of Greenburgh, denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they refer to defendant County of Westchester, and refers all questions and interpretations of law to the court.

36.     Defendant denies the allegations contained in paragraph "36" of the First Amended Complaint to the extent they are directed toward the defendant Town of Greenburgh, denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they refer to defendant County of Westchester, and refers all questions and interpretations of law to the court.

37.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the First Amended Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

38.     Defendant repeats, reiterates, and realleges each and every answer contained in Paragraphs 1-37 of this Answer with the same force and effect as if set forth more fully at length herein.

39.     Defendant denies the allegations contained in paragraph "39" of the First Amended Complaint to the extent they are directed toward the defendant Town of Greenburgh, denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they refer to defendant County of Westchester, and refers all

questions and interpretations of law to the court.

40.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the First Amended Complaint.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

41.     Defendant repeats, reiterates, and realleges each and every answer contained in Paragraphs 1-40 of this Answer with the same force and effect as if set forth more fully at length herein.

42.     Defendant denies the allegations contained in paragraph "42" of the First Amended Complaint to the extent they are directed toward the defendant Town of Greenburgh, denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they refer to defendant County of Westchester, and refers all questions and interpretations of law to the court.

43.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the First Amended Complaint.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

44.     Defendant repeats, reiterates, and realleges each and every answer contained in Paragraphs 1-43 of this Answer with the same force and effect as if set forth more fully at length herein.

45.     Defendant denies the allegations contained in paragraph "45" of the First Amended Complaint to the extent they are directed toward the defendant Town of Greenburgh, denies knowledge or information sufficient to form a belief as to the truth of

the allegations to the extent they refer to defendant County of Westchester, and refers all questions and interpretations of law to the court.

46.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the First Amended Complaint.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

47.     Defendant repeats, reiterates, and realleges each and every answer contained in Paragraphs 1-46 of this Answer with the same force and effect as if set forth more fully at length herein.

48.     Defendant denies the allegations contained in paragraph "48" of the First Amended Complaint to the extent they are directed toward the defendant Town of Greenburgh, denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they refer to defendant County of Westchester, and refers all questions and interpretations of law to the court.

49.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "49" of the First Amended Complaint.

## AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION

50.     Defendant repeats, reiterates, and realleges each and every answer contained in Paragraphs 1-49 of this Answer with the same force and effect as if set forth more fully at length herein.

51.     Defendant denies the allegations contained in paragraph "51" of the First Amended Complaint to the extent they are directed toward the defendant Town of Greenburgh, denies knowledge or information sufficient to form a belief as to the truth of

the allegations to the extent they refer to defendant County of Westchester, and refers all questions and interpretations of law to the court.

52.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "52" of the First Amended Complaint.

## AS AND FOR AN ANSWER TO THE SEVENTH CAUSE OF ACTION

53.    Defendant repeats, reiterates, and realleges each and every answer contained in Paragraphs 1-52 of this Answer with the same force and effect as if set forth more fully at length herein.

54.    Defendant denies the allegations contained in paragraph "54" of the First Amended Complaint to the extent they are directed toward the defendant Town of Greenburgh, denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they refer to defendant County of Westchester, and refers all questions and interpretations of law to the court.

55.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "55" of the First Amended Complaint.

## AS AND FOR AN ANSWER TO THE EIGHTH CAUSE OF ACTION

56.    Defendant repeats, reiterates, and realleges each and every answer contained in Paragraphs 1-55 of this Answer with the same force and effect as if set forth more fully at length herein.

57.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "57" of the First Amended Complaint.

58.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "58" of the First Amended Complaint.

59.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "59" of the First Amended Complaint.

60.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "60" of the First Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to set forth a cause of action upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The applicable law, statute or regulation, including but not limited to the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by the claimants, and accordingly, plaintiffs' action is barred as a matter of law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to join all persons and/or entities necessary for the just adjudication of this action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Any and all actions complained of were performed by the answering defendant in conformance with the laws and Constitutions of the United States and New York and the Town of Greenburgh Police Department's rules and regulations, which permitted the search of plaintiffs' residence.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Any conduct which is alleged by plaintiffs is *de minimis* and insubstantial and as such the allegations fail to establish a claim under 42 U.S.C. Section 1983.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The actions complained of were caused in whole or in part by culpable conduct and actions attributable to the plaintiffs including contributory negligence and/or illegal activities and that by reason thereof, the amount of damages recoverable, if any, shall be diminished in whole or in part by that portion to which plaintiffs' culpable conduct bears on the alleged conduct of the answering defendant which allegedly caused the damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Any acts allegedly performed by the answering defendant were protected by qualified immunity and/or privilege as provided by law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The answering defendant denies that it committed any culpable acts as alleged in the First Amended Complaint other than to properly search plaintiffs' residence; if, however, it is determined that the answering defendant did commit culpable acts as alleged in the First Amended Complaint, then all such acts were committed and performed in good faith and without malice and with reasonable and probable cause and in the performance of its duties and obligations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The Town of Greenburgh did not promulgate or permit any official municipal policy, practice, or custom which resulted in the deprivation of plaintiffs' Constitutional rights.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The defendant is not a proper party to this action, and thus, the First Amended Complaint should be dismissed.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs have received reimbursement for all or a part of the damages claimed, plaintiff should be stopped from asserting the same herein.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

While any liability is expressly denied, any search, detention, or entry was based on a valid search warrant, and as such, no liability can attach to the defendant.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

While liability is expressly denied, any action taken on behalf of the defendant, concerning the First Amended Complaint, was not grossly negligent or reckless, and as such, no liability can attach.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

At all times, the Town of Greenburgh lawfully and properly maintained a police department as provided under and by the laws of the State of New York and, as part of their obligations, the Town's police officers were obligated pursuant to applicable laws to detect and suppress crime and to apprehend violators of the laws of the State of New York.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

The Town of Greenburgh denies committing any culpable acts as alleged in the Verified Complaint other than to properly search plaintiffs' residence; if, however, it is determined that culpable acts did occur, all acts performed by the Town of Greenburgh in the hiring, training, supervising and assigning of its employees were performed in good faith with reasonable care and without malice.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

No private right of action exists for violations of the New York State Constitution where a plaintiff has alternative damage remedies available, as plaintiffs do here under their § 1983 claims.

## AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE

The defendant cannot be liable under a theory of *respondeat superior* as a matter of law.

**WHEREFORE**, the defendant Town of Greenburgh prays judgment that the First Amended Complaint of the plaintiffs be dismissed, together with the costs and disbursements of this action and attorney's fees awarded to the defendant.

Dated: East Hanover, New Jersey
      August 7, 2008

                    Callahan & Fusco, LLC
                    Attorneys for Defendant
                    TOWN OF GREENBURGH

                    By: */S/ Chad L. Klasna*
                        CHAD L. KLASNA
                        (CK-7037)
                        72 Eagle Rock Avenue, Suite 320
                        East Hanover, NJ 07936
                        (973) 618-9770

TO:    James Michael Lenihan
        Lenihan & Associates, LLC
        Attorneys for Plaintiffs
        235 Main Street
        White Plains, New York 10601

        Matthew Ian Gallagher, Esq.
        Senior Assistant County Attorney
        Office of the Westchester County Attorney
        148 Martine Avenue, Room 600
        White Plains, New York 10601

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INDIRA BOWEN, Individually, and          :
INDIRA BOWEN, on behalf of her minor     :    Civil Action No.: 07 CIV 6277
children, RAYLYN FAIRCLOUGH and          :
MIA BOWEN,                               :
                                         :
                  Plaintiffs,            :
                                         :
              v.                         :    **CERTIFICATION OF SERVICE**
                                         :
THE COUNTY OF WESTCHESTER,               :
TOWN OF GREENBURGH, POLICE               :
OFFICERS JOHN DOES 1-10, in their        :
individual and official capacities,      :
                                         :
                  Defendants.            :
                                         :

        I hereby certify that on August 7, 2008, I electronically filed the foregoing
Answer, with the Clerk of the District Court using the CM/ECF system, which sent
notification of such filing to the following:

        James Michael Lenihan
        Lenihan & Associates, LLC
        235 Main Street
        White Plains, New York 10601

        Matthew Ian Gallagher, Esq.
        Senior Assistant County Attorney
        Office of the Westchester County Attorney
        148 Martine Avenue, Room 600
        White Plains, New York 10601

        I certify that the foregoing statements made by me are true.  I am aware that if any
of the foregoing statements are willfully false, I am subject to punishment.


                                    /S/ Chad L. Klasna